**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

YONA OPENDEN                              *
3402 Shelburne Road
Baltimore, Maryland 21208                 *

      And                               *

REBECCA WEISS                             *
5910 Simmonds Avenue
Baltimore, Maryland 21208                 *

      And                               *

DEBORAH L. ROGAL                          *
11419 Heather Crest Lane
Silver Spring, Maryland 20902             *

      And                               *

JUSTIN MYROWITZ                           *
3209 Northbrook Road
Baltimore, Maryland 21208                 *

      And                               *

ROCHEL SCHNUR                             *
6508 Clarington Road
Baltimore, Maryland 21209                 *

      And                               *

SYRIL SHIMAN                              *
6506 Baythorne Road
Baltimore, Maryland 21209                 *

      And                               *

MIECHAL KRIGER                            *
12 Belvedere Lane
Lakewood, New Jersey 08701                *

      And                               *

ELISHEVA MARCIANO                         *

6724 Westbrook Road
Baltimore, Maryland 21215                    *

     And                                   *

KARYN KLEIN                                  *
6540 Pebble Brooke Road
Baltimore, Maryland 21209                    *

     And                                   *

RICHARD GINSBURG                             *
8649 Concord Drive
Jessup, Maryland 20794                       *

     And                                   *

ELLIOT KLEIN                                 *
6540 Pebble Brooke Road
Baltimore, Maryland 21209                    *

     *Plaintiffs*                         *

     v.                                    *    Case No.:

ROBERT KENNEDY, JR.,                         *
SECRETARY OF THE UNITED
STATES DEPARTMENT OF                         *
HEALTH AND HUMAN SERVICES,
In His Official Capacity                     *
200 Independence Avenue, SW
Washington, D.C. 20201                       *

     *Defendant*                          *

*    *    *    *    *    *    *    *    *    *    *    *    *

2

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiffs, Yona Openden, Rebecca Weiss, Deborah Rogal, Justin Myrowitz, Rochel Schnur, Syril Shiman, Miechal Kriger, Elisheva Marciano, Karyn Klein, Richard Ginsburg, and Elliot Klein, by and through their attorneys, Neil S. Hyman, of the Law Office of Neil S. Hyman LLC, and Christopher J. Smith, Esq., of The Law Office of Christopher J. Smith, LLC, and hereby sues the Defendant, Robert Kennedy, Jr., in his Official Capacity as Secretary of the United States Department of Health and Human Services for violations of Title VII of the Civil Rights Act of 1964. In support thereof, Plaintiffs state as follows:

### PARTIES, JURISDICTION, & VENUE

1.     All Plaintiffs, with the exception of Plaintiff Kriger, as residents of the State of Maryland.

2.     Plaintiff Kriger is a resident of the State of New Jersey.

3.     Plaintiffs were, at all times relevant hereto, employees of the Defendant. More specifically, they were employed by the Centers for Medicare and Medicaid Services ("CMS").

4.     The Defendant is a federal agency and is the parent agency of CMS.

5.     CMS is headquartered in Baltimore, Maryland.

6.     Venue is proper before this Honorable Court, as Maryland is the locale in which all events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Furthermore, the specific agency at issue, CMS, is headquartered in Maryland.

7.     Jurisdiction is proper before this Honorable Court as Plaintiffs have asserted violations of federal statutes. 28 U.S.C. § 1331.

### FACTS COMMON TO ALL COUNTS

8.     Plaintiffs were, at all times relevant hereto, employees of CMS.

9. On or about June 3, 2024, CMS distributed a video to its employees, including the Plaintiffs, featuring management official Ronza Othman, Director, EEO Compliance Group, Office of Equal Opportunity and Civil Rights.

10. During the video, Ms. Othman was wearing a keffiyeh which displayed a symbol of violence against Jewish persons.

11. More specifically, Ms. Othman was wearing a keffiyeh which contained the depiction of a map of Israel with the colors of the Palestinian flag overlaid. It also included a symbol of red hand, which advocates for violence, including murder, against Jewish persons and the denial of the right of Israel to exist.

12. The symbol in question glorifies the murder of Jewish persons for their national origin and religion.

13. The glorification of murder of Jewish persons due to their national origin and religion constitutes unprotected hate speech.

14. Plaintiffs were deeply offended and horrified by the acts of the Defendant and the Defendant's EEO management official, Ms. Othman. In fact, an open letter to CMS's management was sent in which Plaintiffs strongly condemned and complained of Ms. Othman's actions and harassment.

15. Following complainants by Plaintiffs and others, no recourse was taken by the Defendant against Ms. Othman.

16. In fact, the Defendant continued to defend the actions of Ms. Othman and dismissed the concerns raised by the Plaintiffs.

17. The Defendant likewise refused to apologize for publicizing Ms. Othman's hate speech throughout the agency.

4

18.     Emboldened by the Defendant's actions in protecting her, Ms. Othman continued to stand by her hate speech and changed her profile picture on social media to a screenshot of the video in question where Ms. Othman was wearing the aforementioned symbol of violence.

19.     This intentionally provocative act was caused in no small part by the Defendant's failure to properly address the harassment by Ms. Othman in the workplace.

20.     In light of the Defendant's failure to properly address the issue, Plaintiff Openden made initial contact with the Defendant's EEO Office on or about June 27, 2024 to make a formal complaint of harassment. Likewise, the remaining Plaintiffs made their initial contact at approximately the same time.

21.     Plaintiff Openden's EEO Charge No. is HHS-HHS-00526-2024.

22.     Plaintiff Weiss's EEO Charge No. is HHS-HHS-00521-2024.

23.     Plaintiff Rogal's EEO Charge No. is HHS-HHS-00531-2024.

24.     Plaintiff Myrowitz's EEO Charge No. is HHS-HHS- 0596-2024.

25.     Plaintiff Schnur's EEO Charge No. is HHS - HHS-00530-2024.

26.     Plaintiff Shiman's EEO Charge No. is HHS-HHS-00519-2024.

27.     Plaintiff Kriger's EEO Charge No. is HHS- HHS- 0585-2024.

28.     Plaintiff Klein's EEO Charge No. is HHS-HHS-00534-2024.

29.     Plaintiff Ginsburg's EEO Charge No. is HHS-CMS-O104-2025.

30.     The aforementioned charges were filed on the basis of, as appropriate, national origin and/or religion.

31.     More than 180 days have now passed since Plaintiffs filed their EEO charges. The instant matters remain unresolved.

## COUNT I
### (National Origin and Religion Harassment)

32.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully stated herein.

33.     An employer may not, pursuant to federal law, subject an employee to harassment on the basis of that person's national origin or religion.

34.     Plaintiffs were subjected to an agency video and message wherein Ms. Othman, herself a person in management with the Defendant's EEO office, wore symbols advocating for the murder and slaughter of persons of Jewish heritage and faith, as well as the destruction of Israel.

35.     The symbol and conduct were so significant and heinous as to create severe, pervasive, and unwelcome harassment by the Defendant, by and through its EEO management official, Ms. Othman.

36.     The symbol and conduct worn and committed by Ms. Othman constituted hate speech.

37.     Therefore, Defendant created a hostile work environment and is likewise liable to the Plaintiffs for the same.

38.     As a direct and proximate result of Defendant's hostile work environment, Plaintiffs have sustained, and continue to sustain, damages, including mental trauma and emotional distress.

WHEREFORE, Plaintiffs respectfully requests judgment against the Defendant in an amount in excess of $75,000.00 each, plus punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

6

Respectfully submitted,

*/s/Neil S. Hyman*
Neil S. Hyman, Esquire
Bar No. 15158
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com

Christopher J. Smith, Esq.
Bar No. 20459
The Law Office of Christopher J. Smith, LLC
257 Market Street, Suite 100
Gaithersburg, Maryland 20878
(301) 760-7460 (Office)
(301) 760-7469 (Direct/Fax)
cjs@christopherjsmithlaw.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiffs respectfully request a trial by jury as to all issues raised herein.

*/s/Neil S. Hyman*
Neil S. Hyman, Esquire